*1057 OPINION.
Seawell:
Section 240 (c) and (d) of the Revenue Act of 1926 is the applicable statute in the instant case. It provides:
(c) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns at least 95 per centum of the voting stock of the other or others, or (2) if at least 95 per centum of the voting stock of two or more corporations is owned by the same interests. This subdivision shall be applicable to the determination of affiliation for the taxable year 1925.
(d) For the purpose of this section two or more domestic corporations shall be deemed to be affiliated (1) if one corporation owns at least 95 per centum of the stock of the other or others, or (2) if at least 95 per centum *1058 of the stock of two or more corporations is owned by the same interests. As used in this subdivision the term “stock” does not include nonvoting stock which is limited and preferred as to dividends. This subdivision shall be applicable to the determination of affiliation for the taxable year 1926 and each taxable year thereafter.
Neither corporation owns any stock in the other.
The evidence shows that the stock in the two corporations is owned by 29 individuals. Each company has 22 stockholders. Only 15 stockholders own stock in both corporations.
In our findings of fact, the names of the stockholders owning stock in but one of the corporations and the number of shares so owned by each have been set out in italics. From the list of stockholders so set out, it appears that the following persons, owning the number of shares opposite their names, owned no stock whatsoever in the petitioner:
[[Image here]]
It is seen, therefore, that stockholders owning 126 shares of the 1,250 of the Morris Machine Tool Co., or 10.08 per cent of its stock, own no stock whatever in the petitioner.
It is argued in behalf of the petitioner that the business, blood and marital relationship existing between certain stockholders of the two corporations makes the interest of all of them the same, or that the same interests own at least as much as 95 per cent of the stock of both corporations. The evidence, however, in our opinion, does not warrant the assertion nor justify the argument. Such is assumed rather than proven to be a fact.
In Crunden-Martin Mfg. Co. et al., 11 B. T. A. 81, 84, we said:
* * * In Goldstein Bros. Amusement Co., Inc., 3 B. T. A. 408, we held that the mere fact of family and business relationship, standing alone, is insufficient to constitute control or to warrant a holding that persons standing in such relationship constitute the same interest with the majority; and evidence that the minority is quiescent and permits the majority to manage the business does not prove actual control over the minority interest.
Browne, McQuaid, Probst, Inc., 17 B. T. A. 1218, and Oriental Real Estate Co., 17 B. T. A. 1220, are controlling in the instant case.
Since 89.92 per cent falls short of the requisite 95 per cent required by statute to warrant affiliation, the action of the Commissioner is approved.

Judgment will be entered for the respondent.